*Vt. State Employees Credit v. Moats*, No. 548-9-18 Wncv (Tomasi, J., Oct. 7, 2019).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 548-9-18 Wncv |

| | |
|---|---|
| Vermont State Employees Credit,<br>    Plaintiff<br><br>v.<br><br>Jared W. Moats,<br>Structural Energy Corporation,<br>    Defendants | ENTRY ORDER |

On September 10, 2019, this Court held a hearing on Plaintiff's motion for default judgment and damages.  The Court made findings on the record and determined that Plaintiff was entitled to judgment as to all claims, save the cause of action for violation of Vermont's Consumer Fraud Act (CFA).  It also made findings as to the amount of damages incurred by Plaintiff.  Lastly, it granted Plaintiff leave to file a memorandum arguing why default was also appropriate to the CFA count.  Plaintiff has now filed that memorandum, and the Court makes the following determinations.

This case arises out of a loan made by Plaintiff to Defendant Moats.  The loan was for Plaintiff to obtain energy related goods and services at his residence from Defendant Structural Engineering Corporation (SEC).  The terms of that loan are set out in Exhibit 1 to the Complaint.   In summary, the Plaintiff agreed to loan Defendant Moats roughly $60,000 for those home improvements, which were to be completed by SEC.  The Plaintiff was to forward the check to SEC for that work,

and Defendant Moats was to repay the loaned amounts to the Plaintiff -- with interest.

Defendants failed to disclose that Moats was also the owner and operator of SEC. SEC (and Moats) took the money but did not install any goods in Moats' home, and Moats did not repay the loaned money to the Plaintiff.

Plaintiff brought a complaint alleging breach of the loan agreement by Moats; and claims of fraud, negligent misrepresentation, and violation of the CFA by both Defendants.

With regard to the CFA, Plaintiff maintains that it has standing to bring an action because it is a "consumer." After considering the Plaintiff's arguments and the statutory provisions at issue, the Court disagrees.

To bring an action under the CFA, the plaintiff must be "a consumer who contracts for goods or services in reliance upon false or fraudulent representations or practices…." 9 V.S.A. § 2461. The CFA provides the following additional definitions:

> "Consumer" means any person who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services not for resale in the ordinary course of his or her trade or business but for his or her use or benefit or the use or benefit of a member of his or her household, or in connection with the operation of his or her household or a farm whether or not the farm is conducted as a trade or business, or a person who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services not for resale in the ordinary course of his or her trade or business but for the use or benefit of his or her business or in connection with the operation of his or her business.
>
> "Goods" or "services" shall include any objects, wares, goods, commodities, work, labor, intangibles, courses of instruction or training, securities, bonds, debentures, stocks, real estate, or other

2

property or services of any kind. The term also includes bottled liquified petroleum (LP or propane) gas.

*Id*. § 2451a (West).

In the transaction at issue in this case, the Plaintiff did not purchase goods or services for itself, and that was not the intent of the deal. The Plaintiff was subsidizing Moats' purchase of goods and services for his home and that were to benefit him.

The Plaintiff mischaracterizes the holding of *Elkins v. Microsoft Corp.*, 174 Vt. 328, 331 (2002), to support its position. Elkins allowed an "indirect purchaser" to bring a claim under the CFA. In that case, a person who purchased a computer that came with a Microsoft operating system was allowed to bring a CFA action against Microsoft even though he did not have a direct contractual relationship with that company. The key difference between that case and this one is that the plaintiff in Elkins actually was the intended recipient of and did receive "goods" in the form of a computer and computer program. The Plaintiff can make no such claim here.

Nor does the fact that Plaintiff provided funds directly to SEC change that conclusion. The Plaintiff provided the borrowed money directly to SEC, as provided in the loan agreement attached at Exhibit 1. It did so on behalf of Moats. Moats was to receive goods and services from SEC, and Moats was to repay the Plaintiff with interest. The Plaintiff did not contract with SEC for goods or services for its benefit and has brought no claim for breach of contract against SEC.

3

No doubt, the CFA is a remedial law that is entitled to a liberal construction to meet the goals of the law. *Id*. at 331. That does not mean the Court is free to rewrite the law to include plaintiffs who have not contracted for goods or services.

WHEREFORE, the Court concludes that the Plaintiff does not prevail on its CFA claim. On the remaining claims, as noted at hearing, it is entitled to damages in the amount of $59,959.74. As provided in Exhibit 1 and in Vt. R. Civ. P. 54, it is also entitled to reasonable court and collection costs. In this case, those costs are detailed in the Plaintiff's motion for default and include: private investigator services ($54.50), court filing fee ($295.00), publication fee for alternative service ($133.00), and service of process fees ($58.00).

Accordingly, Plaintiff is entitled to judgment against Defendants in the total sum of $60,500.24.

Electronically signed on October 07, 2019 at 09:53 AM pursuant to V.R.E.F. 7(d).

_____
Timothy B. Tomasi
Superior Court Judge